IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WILLIAM PAUL SANDERSON, | : CIVIL ACTION NO. 1:24-CV-2047 |
| Petitioner | : (Judge Neary) |
| v. | : |
| WARDEN SAGE, | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, James William Paul Sanderson, argues that the United States Bureau of Prisons ("BOP") has improperly denied him time credits under the First Step Act ("FSA"). The petition will be dismissed for Sanderson's failure to exhaust administrative remedies.

**I.      Factual Background & Procedural History**

Sanderson is serving a 240-month sentence of imprisonment imposed by the United States District Court for the Eastern District of North Carolina for distribution of cocaine and dihydrocodeinone. (Docs. 7-2, 7-3). He is housed in Lewisburg Federal Correctional Institution ("FCI-Lewisburg").

Sanderson's petition arises from the FSA, which allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation.

Id. Inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Sanderson's petition asserts that the BOP has improperly refused to apply time credits he has earned under the FSA to his sentence. (Id.) He filed the petition on November 25, 2024, and it was initially assigned to United States District Judge Christopher C. Conner. Respondent responded to the petition on December 27, 2024, arguing that Sanderson failed to exhaust administrative remedies prior to filing the petition and that his claim otherwise fails on its merits. (Doc. 7). Sanderson filed a reply brief in support of his petition on January 14, 2025, making the petition ripe for review. (Doc. 8). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

## II.     Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That

process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Sanderson's petition should be dismissed for failure to exhaust administrative remedies because he did not file any administrative remedy requests prior to filing the instant case. (Doc. 7 at 5-8). Sanderson concedes that he did not exhaust administrative remedies, but he argues exhaustion should be excused because it would likely be futile and because his claim presents a question purely of statutory construction. (Doc. 1 at 1-2).

Sanderson's arguments are unavailing. First, the administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." Williams, 2024 WL 4204277, at *2 (quoting Ross v. Martinez, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009))). Second, Sanderson's petition does not present a question of purely statutory interpretation that would excuse exhaustion: although his claim requires

3

interpretation of a statute, it also challenges the BOP's specific calculation of his FSA time credits. Sanderson's petition will accordingly be dismissed for failure to exhaust administrative remedies because he has not filed any administrative remedy requests and no exceptions to the exhaustion requirement apply.

### III.  Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   September 22, 2025